Mr. Justice DAVIS,
with whom concurred CLIFFORD and FIELD, JJ., dissenting.
Being unable to agree with the majority of the court in its judgment in this case, I will briefly state the grounds of my dissent.
There is no difference of opinion between us in relation to the construction of the provision of the Constitution which affects the question at issue. We all agree that until the consent of Congress is given, there can be no valid compact or agreement between States. And that, although the point of time when Congress may give its consent is not material, yet, when it is given, there must be a reciprocal and concurrent consent of the three parties to the contract. Without *64 this, it is not a completed compact. If, therefore, Virginia withdrew its assent before the consent of Congress ivas given, there was no compact within the meaning of the Constitution.
To my mind nothing is clearer, than that Congress never did undertake to give its consent to the transfer of Berkeley and Jefferson counties to the State of West Virginia until March 2, 1866. If so, the consent came too late, because the legislature of Virginia had, on the fifth day of December, 1865, withdrawn its assent to the proposed cession of these two counties. This withdrawal was in ample time, as it was before the proposal of the State had become operative as a concluded compact, and the bill (in my judgment) shows that Virginia had sufficient reasons for recalling its proposition to part with the territory embraced within these counties.
But, it is maintained in the opinion of the court that Congress did give its consent to the transfer of these counties by Virginia to West Virginia, when it admitted West Virginia into the Union. The argument of-the opinion is, that Cougress, by admitting the new State, gave its assent to that provision of the new cónstitution which looked to the acquisition of these counties, and that if the people of these counties have since voted to become part of the State of West Virginia, this action is within the consent of Congress. I most respectfully submit that the facts of the case (about which there is no dispute), do not justify the argument which is attempted to be drawn from them.
The second section of the first article of the constitution of West Virginia was merely a proposal addressed to the people of two distinct districts, on which they were invited to act. The people of one district (Pendleton, Hardy, Hampshire, and Morgan) accepted the proposal. The people of the other district (Jefferson, Berkeley, and Frederick) rejected it.
In this state of things, the first district became a part of the new State, so far as its constitution'could make it so, and the legislature of Virginia included it in its assent, and *65 Congress included it in its admission to the Union. But neither the constitution of West Virginia, nor the assent of the legislature of Virginia, nor the consent of Congress, had any application whatever to the second district. For though the second section of the first article of the new constitution had proposed to include it, the proposal was accompanied with conditions which were not complied with; and when that constitution was presented to Congress for approval, the proposal had already been rejected, and had no significance or efleet whatever.